# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of Jin Yan,<br><br>Applicant. | Case No. 24-mc-80316-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On December 18, 2024, Applicant Jin Yan ("Applicant") field an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google LLC ("Google") in connection with a legal action in Japan. *See* ECF 1. For the reasons set forth below, the Court GRANTS Applicant's application.

## I. BACKGROUND

The following facts are taken from Applicant's *ex parte* application. ECF 1. Applicant is a Chinese woman residing in Osaka, Japan, and is employed by Kansai Paint Co., Ltd. ECF 1-1, Yamaoka Decl., ¶ 4. Applicant uses the email address kin@als.kansai.co.jp for work. *Id.*

On October 17, 2024, and October 19, 2024, Applicant received two emails from an individual identified as Gorilla Ikeda ("Subject Google Account User") using the email address gorirachitian@gmail.com ("Subject Email Account"). Both emails contained hate speeches and threatened Applicant's life and physical safety. ECF 1 at 2. Applicant seeks to file a civil lawsuit in Japan against the Subject Google Account User. *Id.* at 3. Thus, Applicant seeks to discovery to identify the person who sent the two emails to Applicant. ECF 1 at 3.

//

Applicant is therefore seeking to subpoena Google to learn the identity of the Subject Google Account User. ECF 1-1, Yamaoka Decl., ¶ 13; ECF 1-3 ("Subpoena"). The Subpoena asks for information sufficient to identify the user of the Subject Email Account, including any name, address (including postal code), email address (including email address used for recovery or other purposes), telephone number, and access log (including dates, times, IP addresses, and access type). ECF 1-3 at 6-7.

Applicant filed an *ex parte* application asking this Court to authorize the service of the subpoena on Google. ECF 1 at 1.

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

//

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *See id.* at 260–61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252. Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

//

//

## III. DISCUSSION

### A. Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that Respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google is headquartered in Mountain View, California. *See* ECF 1-1, Yamaoka Decl., ¶¶ 11. Mountain View, California is within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, a civil lawsuit is within reasonable contemplation because Attorney Yamaoka has declared that he had been retained by Applicant to initiate civil lawsuits under Japanese law once the identity of the Subject Google Account User is learned through discovery. ECF 1-1, Yamaoka Decl., ¶¶ 1, 9.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256–57. As the putative plaintiff in the civil lawsuit, Applicant is an interested person. ECF 1-1, Yamaoka Decl., ¶¶ 1, 9.

### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### 1. Respondent is not a participant in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional

4

reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Japanese lawsuit; the only defendant would be the Subject Google Account User. ECF 1 at 5; ECF 1-1, Yamaoka Decl., ¶¶ 9, 14. This factor therefore weighs in favor of granting the application.

### 2. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4.

Applicant has submitted a declaration from its attorney, who is admitted to practice law in Japan, that asserts that he is not aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Applicant seeks. ECF 1-1, Yamaoka Decl., ¶ 12. The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.") (citations omitted) (internal quotations omitted). In fact, courts in this district have previously granted Section 1782 discovery for use in proceedings in Japan. *See In re Med. Corp. H&S*, No. 19-mc-80058 VKD, 2019 (WL 1230440 (N.D. Cal. Mar. 15, 2019); *In re Med. Inc. Ass'n Keizankai*, No. 22-mc-80253-BLF, 2022 WL 5122958, at *4 (N.D. Cal. Oct. 4, 2022). Therefore, this factor weighs in favor of granting discovery.

//

### 3. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, as Applicant's Attorney stated in his declaration, there is no reason to believe that Applicant is seeking to circumvent Japanese evidence laws. *See* ECF 1-1, Yamaoka Decl., ¶ 12. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive.

Finally, the last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google about the Subject Email Account. The subpoena appears to be narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendant, and courts have found that requests seeking similar information were not unduly intrusive or burdensome. *See* ECF 1-1, Yamaoka Decl., ¶ 14; *see also In re Starship Ent. Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 5520772, at *1, 3 (N.D. Cal. Aug. 25, 2023); *Med. Corp. Seishinkai v. Google LLC*, Case No. 22-mc-80282-EJD, 2023 WL 3726499, at *4 (N.D. Cal. May 30, 2023). To the extent Respondent asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

//

//

//

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

**IT IS SO ORDERED.**

Dated:  January 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge